UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:16 CR 040 RLW NCC |
| | ) | |
| **JAVON STRAYHORN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RESPONSE TO MOTION TO SUPPRESS

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Richard G. Callahan, and Thomas J. Mehan, Assistant United States Attorney for said district, and files this response to the motion to suppress.

The Government accepts the facts as presented in Defendant's motion, Docket # 39, as the facts the Government would adduce at a motion hearing, they are not in dispute. The police, on routine patrol came upon a white vehicle turned upside down. See Governments A – C, attached.  As a reasonalble premise, we as a society would generally want the police stop, investigate and ensure the wellbeing of any occupants of an overturned car. Quite possibly, no crime was committed at this point; it could have been just an accident, but the driver exited and ran from the scene.   The passenger also exited the upside down car and ran.

In Florida v. Royer, 460 U. S. 491 (1983) the court held that when an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business.  Id. at 498.   Any refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure. Florida v. Bostick, 501 U.S. 429, 437 (1991).   "But unprovoked flight is simply not a mere refusal

1

to cooperate. Flight, by its very nature, is not 'going about one's business'; in fact, it is just the opposite. Allowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning." Id, at 125.

Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion to justify a stop—flight is the consummate act of evasion. The officer's conduct did not cause Strayhorn to run, he ran on his own.

For the foregoing reasons, the detention of the defendant was legal and the resulting statements made by him following the advice of his Miranda warnings are admissible.

        Respectfully submitted,

        RICHARD G, CALLAHAN
        United States Attorney

        /s/ Thomas J. Mehan
        THOMAS J. MEHA #28958MO
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on *July 22, 2016*,   the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

        *s/Thomas J. Mehan*
        THOMAS J. MEHAN, #28958MO